STACEY A. UPSON, ESQ.
State Bar No. 004773
**THE LAW OFFICES OF S. DENISE MCCURRY**
7455 Arroyo Crossing Parkway, Suite 200
Las Vegas, NV 89113
Phone: (702) 408-3800
stacey.upson@farmersinsurance.com
Attorney for Defendant,
COOL AIR REFRIGERATION, INC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH ANN BRADLEY, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>TOTAL FACILITY INC., a corporation; COOL AIR REFRIGERATION, INC., a California Corporation; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants.<br><br>AND RELATED ACTIONS. | Case No.: 2:19-CV-01413-KJD-BNW<br><br>**COOL AIR REFRIGERATION, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ORAL ARGUMENT REQUESTED]** |

 Defendant/ Defendant Cool Air Refrigeration, Inc. (hereinafter referred to as "Cool Air"), by and through its counsel STACEY A. UPSON, ESQ., hereby moves this Court for an order granting summary judgment and dismissing it from this action with prejudice pursuant to Fed. R. Civ. P. 56 as any and all claims are barred by the applicable statute of limitations i.e., NRS 11.190(4)(e).

 Plaintiff has completely failed to exercise reasonable diligence in ascertaining Cool Air's identity as mandated by Nevada law. Such failure precludes Plaintiff from relating her claims against Cool Air back to the original date of filing and, accordingly, they are barred by the applicable statute of limitations.

 In furtherance of the Motion, Cool Air provides and relies upon the following memorandum of points and authorities in support of its motion, the court's record in this matter and the attached exhibits.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff claims injury occurred on July 31, 2016 when a ceiling tile at her place of employment collapsed on her due to some allegedly defective or dangerous condition. **Exhibit 1**, *Complaint*, ¶ 10. The action was commenced on December 29, 2017 by filing a complaint in the Eighth Judicial District Court of Nevada, in and for the County of Clark, Case No. A-17-766972-C. *Id.*

Plaintiff's complaint originally included three defendants: (1) Alorica Customer Care, Inc. ("Alorica"), (2) Expert Global Solutions, Inc. ("Expert Global Solutions"), and (3) C-2 Development, LLC ("C-2 Development"). *Id.* Alorica and Expert Global Solutions were Plaintiffs' employers. C-2 Development owned the building and leased it to APAC Customer Service, Inc., which along with Alorica and Expert Global Solutions, were all subsidiaries of Alorica, Inc.

The initial complaint included Doe and Roe defendants with the forgoing allegations:

> "That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOE INDIVIDUALS 1-10 and ROE BUSINESS ENTITIES 1-10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein s DOE INDIVIDUALS and ROE BUSINESS ENTITIES are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this complaint, to insert the true names and capacities of DOE INDIVIDUALS 1-10 and ROE BUSINESS ENTITIES 1-10, when the same have been ascertained and to join such Defendants in this action."

**Exhibit 1, ¶ 5.**

> "The true names and capacities whether individual, corporate, associate, partnership or otherwise of the Defendants herein designated as ROE BUSINESS ENTITIES 1-10, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that ROE BUSINESS ENTITIES 1-10 designed, manufactured, distributed, sold, installed, owned, operated, managed, controlled, maintained **the floor** at the day and time of the subject incident, and that each of the ROE BUSINESS Defendants are legally responsible for the damages suffered by Plaintiff as herein alleged due to their negligence."

**Exhibit 1, ¶ 7 (emphasis added).**

> "Plaintiff further alleges that ROE BUSINESS ENTITIES 1-10 were negligent in relation to the hiring, training, supervision, maintenance and retention of their employees, as well as the operation and management of those companies and/or persons working on the subject project at the date and time of the incident. Plaintiff furthermore alleges that ROE BUSINESS ENTITIES 1-10 are each liable under an agency theory as the principal of the tortfeasor who was acting within the course, scope and authority of the agency relationship."

**Exhibit 1,** ¶ 8.

> "At all times mentioned, the DOE and ROE Defendants were the designers, manufacturers, installers, and maintainers, owners, managers, inspectors, supervisors, and controllers **of the premises and common areas generally known as EXPERT GLOBAL SOLUTIONS, INC.**"

**Exhibit 1,** ¶ 12 (emphasis added).

Alorica, Expert Global Solutions, and C-2 Development filed appearances/responses to the Complaint in January and February 2018. **Exhibits 2,** *Register of Actions*. On April 24, 2018 (the day of the early case conference), Expert Global Solutions filed its NRCP 16.1 Initial Disclosures, which included a copy of the lease agreement. **Exhibits 3 and 4.** Discovery was to be completed by April 24, 2019.

Counsel for Alorica and Expert Global Solutions attempted negotiations with Plaintiff for dismissal pursuant to a concept that any claim against them was limited to the exclusive remedies provided for under Nevada Workers' Compensation law, NRS 616A.020, et. seq. **Exhibit 5.** As early as May 1, 2018, counsel for Alorica and Expert Global Solutions provided documentation to Plaintiff which included paystubs, the workers' compensation policy, a claim form, and a news article about the corporate acquisition. *Id.*

On May 14, 2018, Plaintiff's counsel agreed to dismiss the claim against Alorica and Expert Global Solutions. Counsel prepared a stipulation and circulated for signature by the parties. C-2 Development refused to sign and insisted that if Alorica and Expert Solutions were being dismissed, it also needed to be dismissed because it had contracted away any potential liability for the mechanism of injury (as a result of a purported belief it was caused by a leak from the HVAC unit) to the tenant. *Id.* at 42-45.

3

In this regard, on or before June 1, 2018, counsel for C-2 Development provided Plaintiff with a copy of the lease agreement for the building, which specifically included a delegation of responsibility for the HVAC unit to Alorica Customer Service, Inc. *Id.* at 44-45. C-2 Development also served its Initial Disclosures on June 4, 2018, which included a copy of the lease. *Id.* On June 4, 2018 Expert Global Solutions provided its Initial Disclosures. **Exhibit 3.** These disclosures also provided a copy of the lease. Irrespective, Plaintiff would not include C-2 Development in the stipulation for dismissal.

On September 20, 2018, Alorica and Expert Global Solutions filed a motion to dismiss premised upon the workers' compensation exclusive remedy and included with that motion, various documentation regarding the unsuccessful efforts to reach a stipulation. **Exhibit 5**, at 1-11. The motion included, among the various exhibits, the proposed stipulation, email correspondence regarding the stipulation, C-2 Development's letter, a copy of the workers' compensation notice of loss, claim form, what appears to be a claim note from the workers' compensation carrier dated August 2, 2016, that noted, "air conditioning system was leaking from ceiling which caused the tile to fall on Ms. Bradley's head and arm." *Id.*[1]

Plaintiff knew well before September 20, 2018 filing that this was her theory of liability and more probably as far back as August 2, 2016 when the report was written. **Exhibit 5** at 37. Eventually, on or about November 26, 2018, the parties agreed to dismiss Alorica and Expert Global Solutions without prejudice by stipulation. **Exhibit 6.** While Alorica and Expert Global Solutions were parties to the case, it appears Plaintiff conducted no official discovery and certainly none as to liability.

Despite knowing all of the foregoing, it appears Plaintiff conducted no meaningful discovery related to liability at all for the calendar year 2018.[2] Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories were only served on February 11, 2019. **Exhibit**

---

[1] Cool Air does not concede and in fact disputes any conduct on its part was the cause of Plaintiff's injuries, if any. Notwithstanding, the timing in which Plaintiff obtained and/or could have obtained information regarding party identities is critical to the instant motion.

[2] Plaintiff's First through Fourth Supplemental Disclosures were all related to medical records. **Exhibit 7.**

**8.** It is believes this is the very first time Plaintiff began investigating other potential defendants connected to the HVAC unit. *Id.*, Nos. 11-16. This occurred more than 400 days after Plaintiff filed her complaint, 293 days after the early case conference, and 273 days after Plaintiff's counsel agreed to dismiss Plaintiff's employers. The only deposition in this case was Plaintiff's own deposition taken by C-2 Development on February 13, 2019. **Exhibit 9**. The deposition was suspended after approximately four hours at Plaintiff's request. *Id.* at 3.

On April 25, 2019, the Honorable Jim Crockett held a discovery conference regarding the status of the case. **Exhibit 10**. The minutes reflect the Court's annoyance with Plaintiff's lack of discovery progress in the litigation:

> "Further discussions as to production of notes, and role of Alorica Customer Care Inc., liability determination to be made, contract being a standard industry contract, Alorica Customer Care Inc., being out of the case, there being no cross claims, documents needing to be obtained from Alorica Customer Care Inc., and Expert Global Solutions, Inc., repair having been done, and no documentation of this having been reviewed yet. Mr. Smith noted he did not see a 16.1 disclosure. ***Court told parties to find out what was repaired.***
>
> Court noted for the record the parties are in agreement that ceiling tiles and debris material allegedly fell on Plaintiff Ms. Bradley on July 31, 2016, while she was at work for Expert Global Solutions Inc., in a building owned by Defendant C-2 Development, LLC., and ***the parties are directed to conduct discovery on HVAC, inspection, maintenance and repairs relevant to causing Ms. Bradley's incident.***"

*Id.* (emphasis added).

Less than a week after that conference, on May 1, 2019, Plaintiff finally served a Notice of Custodian of Records Deposition and Subpoena Duces Tecum to Expert Global Solutions for information concerning repairs to the HVAC unit, installation, and maintenance. **Exhibit 11**. Plaintiff then amended to include Alorica Customer Care, LLC and extended the deadline. *Id.*

On June 10, 2019, Plaintiff served her Fifth Supplement to Early Case Conference Disclosure, which contained documents from Expert Global Solutions responsive to that subpoena, including a maintenance agreement with Total Facility, Inc. **Exhibit 12**. Plaintiff then sought a stipulation from C-2 Development to amend the Complaint to include Total Facility, Inc. **Exhibit 13**. The Court signed that

5

stipulation on June 19, 2019 and it was filed on June 21, 2019. **Exhibit 14**. Plaintiff filed the First Amended Complaint on June 26, 2019, which named Total Facility, Inc. as a defendant and alleged, "Expert Global Solutions, Inc. had entered into a HVAC repair/maintenance agreement with Defendant, Total Facilities, Inc. [sic] that covered the Property." **Exhibit 15**, ¶ 10. On July 30, 2019, Plaintiff dismissed C-2 Development with prejudice. **Exhibit 16.**

Total Facility removed the claims to federal court. Plaintiff then filed a Second Amended Complaint which again included claims against Total Facility and new claims against Cool Air. **Exhibit 17.**

It is undisputed that prior to February 20, 2019, Plaintiff conducted little, if any, discovery with respect to liability in this case and completely failed to perform any discovery that could reveal additional defendants. Without preliminary discovery with respect to Plaintiff's employer and the lessee of the building regarding who they may have contracted with for HVAC repair and maintenance, Plaintiff dismissed those parties from the litigation.

As discussed more fully below, Plaintiffs longstanding inaction in this matter does not meet the requirements for reasonable diligence under Nevada law and therefore, Plaintiff's claims do not relate back to the original filing. As the claims were filed well past the two-year statute of limitations, any and all claims against Cool Air are barred.

## II. SUMMARY JUDGMENT

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## III. DISCUSSION

Plaintiff's only claim is for negligence pursuant Nevada law. Where a federal court sits in diversity jurisdiction, it must look to state law for determining what statute of limitations applies and, relatedly, what rules govern relation back. *Alires v. Crowthers*, 279 Fed. Appx. 499, 500 (9th Cir. 2008)

(citing **TwoRivers v. Lewis**, 174 F.3d 987, 991 (9th Cir. 1999) and **Merrit v. County of Los Angeles**, 875 F.2d 765, 768 (9th Cir. 1989).

Nevada Rule of Civil Procedure 10 mandates that "a plaintiff is required to meet a three-part test in order to relate an amendment back to the filing of the original complaint." **Alires**, 279 Fed. Appx. at 500.

"A plaintiff must '(1) plead fictitious or doe defendants in the caption of the complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly move to amend the complaint I order to substitute the actual for the fictional." ***Id.*** (quoting **Nurenberger Hercules-Werke v. Virostek**, 107 Nev. 873, 881, 822 P.2d 1100 (1991)). In the instant matter, Plaintiff fails to clearly specify the connection between the intended Doe/Roe Defendants and the conduct, activity or omission is based[3] and equally important, failed to exercise reasonable diligence in ascertaining the true identity of the Doe/Roe defendants.

In **Alires**, the Ninth Circuit Court of Appeals affirmed a district court's dismissal of a claim pursuant to NRCP 10 and **Nurenberger** where the plaintiff had failed to exercise reasonable diligence in ascertaining the names of various police officers involving in a Section 1983 case. 279 Fed. Appx. at 500-501. The Ninth Circuit rejected the plaintiffs' excuse that they were not permitted to conduct formal discovery and found that because the plaintiff waited three months after learning the names—past the statute of limitations—to amend, it was not acting with "reasonable diligence." ***Id.*** As discussed below, Plaintiff's failure to perform ***any*** discovery related to liability during the entirety of

---

[3] Plaintiff's initial complaint had vague and ambiguous allegations pertaining to the Doe/Roe Defendants and clearly no direct allegation or correlation to Cool Air. There are no specific allegations that any noted repairs or maintenance completed to the air conditioning unit in any way caused or contributed to Plaintiff's claimed injuries. As noted more fully above, there must be a clear correlation between the fictitious pled defendants and the purported basis of liability. *Nurenberger, infra.*

7

2018—while formal discovery was permitted by the state court—supports a finding that she failed to exercise reasonable diligence.

### a. Plaintiff utterly failed to exercise reasonable diligence in discovery to assess any potential liability of Cool Air.

Plaintiff cannot point to any specific liability discovery during 2018. This is true despite the fact the initial Complaint in this matter was originally filed on December 29, 2017. **Exhibit 1.** "Whether reasonable diligence has been exercised is a matter of law to be determined by the district court." *Nurenberger*, 107 Nev. at 881, 822, P.2d at 1105.

In order to assess whether Plaintiff acted with reasonable diligence, the court should examine factors such as "whether the party unreasonably delayed amended the pleadings to reflect the true identity of a defendant once it became known, whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity or otherwise obstructed the plaintiff's investigation as to its identity." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. 287, 295, 255 F.3d 238, 243 (2011); and *see e.g., City of Reno v. Collup*, 127 Nev. 1126, 373 P.3d 904 (2011) (unpublished opinion).

"The reasonable diligence requirement is intended to guard against the abuse of Doe and Roe defendants as placeholders during the commencement of litigation and 'was not intended to reward indolence or lack of diligence by giving plaintiffs an automatic method of circumventing statutes of limitations." *Sparks*, 127 Nev. at 295, 255 F.3d at 243 (quoting *Nurenberger*, 107 Nev. at 881, 822 P.3d at 1105).[4]

In the instant matter, there is no complexity or uncertainty in ascertaining the identities of the parties in this case. Knowledge was present from the day of the alleged injury as Plaintiff's original

---

[4] The *Sparks* court looked at factors such as the complexity of the organizational structure of the defendants, available witnesses, the length of the delay in filing the amendment, and the diligence of the plaintiff in conducting discovery to ascertain the identity of all potential defendants. *Id.* On appeal, the Nevada Supreme Court affirmed the trial court's decision to deny relation-back because the plaintiffs had only conducted two depositions, there was a year-and-a half delay in filing the amendment, and the plaintiffs could not offer any evidence that the defendant did anything to obstruct their investigation. *Id.*

complaint alleged the mechanism of injury was "the ceiling collaps[ing] on her due to an unsafe and dangerous condition on the property." **Exhibit 1**, ¶ 10; *see also Cruz v. Durbin*, No. 2:11-CV-342-LDG-VCF, 2014 WL 5449710, at *5 (D. Nev. Oct. 17, 2014), report and recommendation adopted, No. 2:11-CV-0342-LDG-VCF, 2014 WL 12784471 (D. Nev. Oct. 24, 2014) (the court can look at the plaintiff's theory of the case to determine whether they should have found the defendant).

It is unclear why, Plaintiff, at a minimum, (1) did not request in discovery a copy of any contract between the property owner or lessee and any maintenance company; (2) depositions or written discovery regarding the maintenance/installation of the subject air condition unit; (3) the issuance of a subpoena to get records regarding maintenance and/or repair of the air conditioning unit; (4) inspection of the unit to assess manufacture of the unit; and/or (5) inspection of the area of the purported leak to determine whether any other source could have been a source of the water. In sum, Plaintiff failed to exercise any diligence in the discovery of potential parties.

Indeed, Plaintiff failed to conduct any depositions or request any records until February 2019. She dismissed out her employer as a defendant, thus having to serve a subpoena once she finally did conduct discovery. The one remaining defendant, C-2 Development, owned the building but was clear with Plaintiff from early on that it had no responsibility for maintenance of the HVAC unit.

The Joint Case Conference Report was filed approximately five months after the case was filed on May 3, 2018. The time frame agreed for discovery was up to and including April 24, 2019. As addressed more fully herein, Plaintiff had just recently started discovery and in fact, wasted more than a year with no meaningful discovery (and by extension a complete lack of due diligence) regarding potential parties who might be liable for her claimed injuries. The foregoing is fatal to any contention that claims should relate back to the initial filing of the Complaint.

In this regard, pursuant to 15(c), a pleading relates back to the original pleading when:

(A) the law provides the applicable statute of limitations allows relation back;

>    (B) the amendment asserts a claim or defense that arose out of the conduct, transactions, or occurrence set out—or attempted to be set out—in the original pleading; or
>    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>     >    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>     >    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**Fed. R. Civ. P. 15(c)(1).**

Nevada law permits relation back and there is no dispute that the alleged amendment arose out of the same conduct, transaction, or occurrence set out in the original pleading. However, under subsection (C), Plaintiff cannot show that Cool Air had any notice of this action within the 90 days provided by Rule 4(m) following the original date of filing, and that this was simply a mistake.

"Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Kruptski v. Costa Crociere S.P.A.*, 560 U.S. 538, 548 (2010).  Moreover, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.*

There is simply no evidence Cool Air had any notice of this action within the 90 days after the original complaint was filed.  Plaintiff's failure in conducting any discovery for an extended period of time regarding liability is fatal.   As such, under Rule 15(c), relation back is not appropriate.

///
///
///
///

## IV. CONCLUSION

Based upon the foregoing, Cool Air respectfully requests the Court dismiss Plaintiff's claims with prejudice as they are barred by the statute of limitations.

DATED: November 10, 2019          THE LAW OFFICES OF S. DENISE MCCURRY

BY: _____
STACEY A. UPSON, ESQ.
Attorney for Defendant COOL AIR
REFRIGERATION, INC.

## *AFFIDAVIT OF STACEY A. UPSON, ESQ.*

1. Affiant is a resident of Clark County, Nevada. Affiant is over the age of 18 years and am in all respects competent to make this Affidavit. This Affidavit is based upon my personal knowledge and, if called to testify, Affiant would testify as set forth in this declaration.

2. Affiant is an attorney licensed to practice in the State of Nevada. Affiant makes this Affidavit in conjunction with the Motion for Summary Judgment filed simultaneously herewith.

3. Attached to the Motion for Summary Judgment as exhibits are all true and correct copies of the reflected documents.

DATED this __11__ day of November, 2019.

_____
STACEY. A. UPSON, ESQ.

SUBSCRIBED and SWORN to before me this __11__ day of November, 2019.

_____
NOTARY PUBLIC in and for said County and State



VICKY L. OLSEN
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 04-91642-14
My Appt. Expires November 6, 2022

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I certify that I am an employee of THE LAW OFFICES OF S. DENISE MCCURRY and that on the 11th day of November, 2019, I served a true and correct copy of the above and foregoing **COOL AIR REFRIGERATION, INC.'S MOTION FOR SUMMARY JUDGMENT** on the parties addressed as shown below:

_____  *Via U.S. Mail* by placing said document in a sealed envelope, with postage prepaid [N.R.C.P. 5(b)]

__X__  *Via Electronic Filing* [FRCP 5(d)(1)(B)]

_____  *Via Electronic Service* [N.E.F.R. 9]

Christian Z. Smith, Esq.
Richard Harris Law Firm
801 S. Fourth Street
Las Vegas, NV 89101
Attorney for Plaintiff, Deborah Ann Bradley
Phone: (702) 444-4444
Fax: (702) 445-4455

Taylor Anderson, Esq.
Hall Jaffe & Clayton
7425 Peak Drive
Las Vegas, NV 89128
Attorney for Defendant/Third Party Plaintiff, Total Facility Inc.
Phone: (702) 316-4111
Fax: (702) 316-4114

_____
KATHRYN HENDRICKS, An Employee of
The Law Offices of S. Denise McCurry