UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH ANN BRADLEY, individually,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL FACILITY, INC., a corporation; COOL AIR REFRIGERATION, INC. a California Corporation; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01413-KJD-BNW<br><br>**ORDER GRANTING DEFENDANTS COOL AIR REFRIGERATION, INC.'S AND TOTAL FACILITY, INC.'S MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Defendant Cool Air Refrigeration, Inc.'s and Defendant Total Facility, Inc.'s Motions for Summary Judgment (#34/35). Plaintiff responded (#41/42) and Defendants replied (#43/44). Due to the similarities in the motions, and the identical facts and legal arguments, both will be addressed together. Defendants ask the Court to find that Plaintiff's amended complaint does not relate back to the original complaint and grant their motions for summary judgment due to the expiration of the statute of limitations. Concluding that Plaintiff cannot satisfy the relation-back requirements, the Court grants the motions.

I.  Background

On July 31, 2016, Plaintiff Deborah Ann Bradley ("Bradley") suffered an injury at her place of work. (#34 at 2). The ceiling tile collapsed onto her, causing physical harm. Id. On December 29, 2017, Bradley filed this action, naming three defendants and multiple Doe/Roe defendants in the complaint. Id. The named defendants were Alorica Customer Care, Inc.

("Alorica"), Expert Global Solutions, Inc. ("Expert"), and C-2 Development, LLC ("C-2"). Id. Alorica and Expert employed Bradley and C-2 owned the building. Id.

Throughout discovery, Plaintiff struggled to determine if Alorica and Expert were proper parties due to their status as employers. Id. at 3. On May 14, 2018, Bradley agreed to dismiss Alorica and Expert and limit their liability to the remedies included in the Nevada Workers' Compensation statute. Id. However, C-2 refused to sign the stipulation dismissing Alorica and Expert and they were not dismissed. Id. Defendants Alorica and Expert filed a Motion to Dismiss on September 20, 2018 claiming immunity from suit as employers. (#41, at 5). The motion included a note from the workers' compensation carrier, dated August 6, 2016 that stated that the "air conditioning system was leaking from ceiling which caused the tile to fall on Ms. Bradley." (#34, at 4). Bradley agreed to dismiss the employer defendants from the suit on November 27, 2018. Id. On December 14, 2018, after focusing the entire discovery period on whether the employers were immune, Plaintiff and C-2 agreed to extend discovery. Id. at 6.

On February 11, 2019, Bradley sent interrogatories to C-2, in what appears to be her first attempt to identify the HVAC unit service provider. Id. In response to the interrogatories, C-2 stated they had no knowledge of the maintenance or installation of the HVAC unit and that it was controlled by Alorica and Expert. (#41 ex. 7, at 5). On April 25, 2019, the parties appeared in state court for a Rule 16 Discovery Conference. (#41, at 8). The judge told the parties to determine who was responsible for the installation and maintenance of the HVAC unit. Id. at 8. Bradley then served a subpoena to former defendant Expert on May 1, 2019, requesting all documents pertaining to the HVAC unit repair and maintenance. Id.

Equipped with the documents from Expert, Bradley filed a Supplement to NRCP 16.1 Mandatory Disclosure Statement on June 10, 2019. Id. at 9. The document alleged that Total

Facility, Inc. ("Total Facility") had performed services on the HVAC unit two weeks prior to the incident. Id. On June 21, 2019, Bradley filed a Stipulation and Order to Amend Ms. Bradley's Complaint to name Total Facility, Inc. as a defendant. Id. Five days later, Bradley filed her first Amended Complaint, which included Total Facility. Id. Total Facility answered the complaint and filed a Third Party Complaint against, Cool Air Refrigeration, Inc. ("Cool Air"), who they hired to perform seasonal maintenance on the HVAC unit. Id. On August 16, 2019, Total Facility removed the case to federal court. Id. Bradley filed a Second Amended Complaint on August 22, 2019, naming Cool Air as one of the Doe defendants. Id.

On November 11, 2019, defendants Total Facility and Cool Air filed Motions for Summary Judgment. (#34, 35). Both parties claim that NRCP Rule 10, which permits the naming of Doe defendants was not satisfied and that the amended complaints do not relate back to the original complaint. Without relating back, Bradley's claims against these defendants fall outside the two-year statute of limitations.[1]

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to

---

[1] See NEV. REV. STAT. § 11.190(4)(e) (2017). Plaintiff does not make any argument that the statute of limitations should be tolled; therefore, the statute of limitations expired on July 31, 2018.

set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

III.     Analysis

Neither party contends that there are genuine issues as to material facts. Bradley changed the name of unknown parties from her original complaint. Defendants claim the amended complaints do not relate back to the original and fall outside the statute of limitations.  When a question regarding the statute of limitations period "derives from state law, Rule 15(c)(1) requires [the Court] to consider both federal and state law to employ whichever affords the 'more permissive' relation back standard." Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1201 (9th Cir. 2014). To determine the more permissive rule, the Court analyzes both.

A. Federal Rule of Civil Procedure 15(c)(1)(C)

In the federal courts, relation back is governed by Federal Rule of Civil Procedure 15(c)(1) and permits relation back in three instances. First, when "the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A). Second, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Id. at 15(c)(1)(B). Or third, when:

> "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided

- 4 -

> by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Id. at 15(c)(1)(C).

The claim must arise out of the same conduct set out in the original pleading. The parties do not dispute this as Bradley is attempting to insert Defendants' names in place of the Doe defendants. The next two requirements involve notice to the defendant that must be given within the time limit laid out in Federal Rule of Civil Procedure 4(m). Analysis of those steps is unnecessary because the 4(m) requirement was not satisfied. The Ninth Circuit holds that "the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m)." Butler, 766 F.3d at 1202. Plaintiff filed her original complaint on December 29, 2017. Defendants Total Facility and Cool Air were not notified of the suit until June 26, 2019 and August 2, 2019, respectively. This is well after the 4(m) time period had expired.

Because the requirements were not fulfilled within the Rule 4(m) period, Bradley cannot satisfy the relation back requirements of Rule 15(c)(1)(C).

B. Nevada Rule 10

The Nevada rule states that if the name of a defendant is unknown "the defendant may be designated by any name" and once it's discovered, "the pleader should promptly substitute the actual defendant for a fictitious party." NEV. R. CIV. P. 10(d). Case law provides a test for relation back when a party attempts to name a previously labeled Doe defendant. The three-part test requires:

> (1) pleading fictitious or doe defendants in the caption of the complaint; (2) pleading the basis for naming defendants by other than their true identity, and

>clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercising reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional.

Nurenberger Hercules-Werke GMBH v. Virostek, 822 P.2d 1100, 1106 (Nev. 1991) (abrogated on other grounds by Costello v. Casler, 254 P.3d 631 (Nev. 2011)). "Satisfaction of all three of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint." Id. Bradley satisfied the first prong by naming Doe Defendants and Roe Corporations in her initial complaint. However, she failed to satisfy the second and third prongs of the test.

Bradley did not clearly specify the connection between the intended defendants and the conduct upon which the cause of action was based. In her complaint, Bradley broadly states that there is an agency relationship between the Doe and named defendants; that a Doe defendant operated the floor, which was not relevant to Plaintiff's injuries; that the Doe defendants manufactured, operated, and installed something, without ever mentioning what was manufactured, operated, or installed; and that the Doe defendants are responsible in "some manner for the events," without mentioning the HVAC system. This district has rejected pleadings that attempt such generalized allegations. The plaintiff in Cruz v. Durbin pleaded that the Roe Defendants were "responsible in some manner." 2014 U.S. Dist. Lexis 151857, *14 (Dist. Nev. 2014). The court found that complaint too generalized to satisfy a Nurenberger analysis, stating that the "generalized allegation is what Nurenberger precludes: precautionary placeholders." Id. Bradley's use of broad language attempts to permanently leave the door open to join defendants, regardless of the statute of limitations. That is not what Rule 10 intends and it is not what Rule 10 permits.

Because the original complaint does not clearly specify the connection between the conduct upon which the cause of action is based and the intended defendants, Plaintiff fails to satisfy the second prong of the Nurenberger analysis.

Bradley also fails the third prong of the analysis. A plaintiff must exercise reasonable diligence to ascertain the true identity of the intended defendants. See Nurenberger, 822 P.2d at 1106. Nevada courts apply factors from other jurisdictions to determine if a plaintiff has exercised reasonable diligence. Those factors include "whether the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known; whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity; and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation." Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 243 (Nev. 2011) (other citations omitted). The factors are not exhaustive, and all parties agree that Plaintiff satisfied the first by promptly amending the pleadings after discovering Defendants' identities. There is no claim that either defendant concealed its identity or obstructed Bradley's investigation. However, Plaintiff did not use judicial mechanisms to identify the Doe defendants for nearly fourteen months.

Bradley commenced this action in December 2017. Discovery continued throughout all of 2018 and into 2019. Plaintiff did not use any of the discovery time in 2018 to ascertain the identity of the Doe Defendants. It was not until February 2019 that Plaintiff first asked about the HVAC system. Plaintiff did not identify the company hired to service the HVAC unit until after a Rule 16 Discovery Conference on April 25, 2019, in which the judge explicitly instructed her to do so. Plaintiff had to send a subpoena to a party that she previously dismissed from the case to get the information. This could have been secured during earlier discovery, but Plaintiff's

interrogatories did not as ask about the identity of the HVAC servicer, Plaintiff did not request documents regarding the HVAC, and Plaintiff did not conduct any depositions.

Waiting one year and seven months to begin identifying Doe defendants has been sufficient evidence of a lack of reasonable diligence. See Sparks, 255 P.3d at 244. Plaintiff waited a similar amount of time—one year and nearly five months—to identify these parties. Bradley should have known to investigate the HVAC issue and identify the Doe from the beginning. Alorica's and Expert's motion to dismiss in September 2018 included a claim note from the workers' compensation carrier from August 2, 2016, just days after the incident, that noted that the HVAC was the cause of the collapsed ceiling. Instead of using that information, Plaintiff showed a lack of reasonable diligence by choosing not to identify the correct defendants. A plaintiff "must *proactively* seek to identify unknown defendants." Id. at 243 (emphasis added). There is no evidence that Plaintiff was proactive. Because Plaintiff did not exercise reasonable diligence, she cannot satisfy the third prong of the Nurenberger analysis.

Plaintiff fails to meet the relation back standards under both the federal and state rules. Therefore, her amended complaints do not relate back or satisfy the statute of limitations.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Total Facility, Inc. and Cool Air Refrigeration, Inc.'s Motions for Summary Judgment (#34/35) are **GRANTED** as to all parties.

//

//

//

//

IT IS FURTHER ORDERED that the Clerk of the Court ENTER JUDGMENT for Defendants Total Facility, Inc. and Cool Air Refrigeration, Inc. and against Plaintiff.

Dated this 20th day of August, 2020.

_____
Kent J. Dawson
United States District Judge